UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffrey S. Manning,

    Plaintiff,

v.

    Case No. 2:18-cv-110

Commissioner of Social Security,

    Judge Michael H. Watson

    Defendant.

    Magistrate Judge Vascura

## OPINION AND ORDER

On November 16, 2018, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending that the Court overrule Jeffrey Manning's ("Plaintiff") Statement of Errors and affirm the decision of the Commissioner of Social Security ("Commissioner"). R&R, ECF No. 16. Plaintiff timely objected. Obj., ECF No. 17.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The undersigned has reviewed *de novo* the record in this case, the Magistrate Judge's R&R, Plaintiff's objection, and the Commissioner's response, and concludes that the decision of the

Administrative Law Judge ("ALJ") applied the correct legal standard and is supported by substantial evidence. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

Plaintiff's sole objection to the R&R is that it erroneously concludes that the ALJ gave good reasons, supported by substantial evidence, for giving Dr. Clemente's treating source opinions only partial, instead of controlling, weight.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotations omitted) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ must "give good reasons" for declining to afford the treating source opinion controlling weight. *Id.*

The Magistrate Judge found that the ALJ gave good reasons for giving Dr. Clemente's opinion only partial weight: namely, that Dr. Clemente's opinion was inconsistent with other evidence in the record. On objection, Manning points to portions of the record that would support Dr. Clemente's opinion but fails to acknowledge other portions of the record that do, indeed, conflict with Dr. Clemente's opinion. After a review of the record, the Undersigned agrees with the Magistrate Judge—the ALJ's conclusion that Dr. Clemente's opinion was inconsistent with the "vast weight of the evidence" and therefore entitled to only partial weight is supported by substantial evidence.

Accordingly, Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**